UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **84 LUMBER COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1748** |
| **F.H. PASCHEN, S.N. NIELSEN &** | **SECTION: "C" (5)** |
| **ASSOCIATES, LLC, et al.** | |

## ORDER AND REASONS[1]

Before this Court is 84 Lumber Company's ("84 Lumber") Motion to Reopen Case Related to Non-Arbitrable Claims and Defenses. Rec. Doc. 72. J & A Construction ("J & A") opposes this motion. Rec. Doc. 74. F. H. Paschen, S.N. Nielsen & Associates, LLC ("Paschen") has filed a memorandum in support of 84 Lumber's motion to reopen the case. Rec. Doc. 78. Having examined the memoranda of counsel, the record, and the applicable law, the Motion to Reopen Case is DENIED.

## I. BACKGROUND

The background of this case has been described in detail by this Court in its July 24, 2013 Order and Reasons compelling arbitration. Rec. Doc. 70. Finding it unnecessary to repeat the entirety of this, the Court will highlight in brief the relevant facts. This case arises out of a construction contract dispute initially between 84 Lumber, the sub-subcontractor, and Paschen, the general contractor of a school construction project, and the surety companies ("Sureties") backing the construction project. Rec. Doc. 70 at 1-2. 84 Lumber filed suit against Paschen and the Sureties, alleging that despite performing its portions of the subcontracted work for J & A under the Master

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

Service Agreement ("MSA") between J & A and 84 Lumber, 84 Lumber was not paid in full for the work performed. *Id.* at 2.  84 Lumber also asserted claims demanding payment for extra work performed outside the MSA subcontract and for the supply of materials. *Id.*  J & A, the subcontractor who was brought in as a third-party defendant by Paschen, filed a counterclaim against 84 Lumber. *Id.*  Subsequently, 84 Lumber filed a motion to stay the proceedings and compel arbitration of J & A's claims based on the arbitration clause between 84 Lumber and J & A in the MSA. *Id.*  On July 24 of this year, this Court granted 84 Lumber's motion to stay the proceedings and compel arbitration of the claims between J & A and 84 Lumber. Rec. Docs. 70, 71.  In its opposition to 84 Lumber's motion to compel arbitration, J & A requested that if its claims were submitted to arbitration, that all claims of all parties be submitted.  Rec Doc. 62 at 8.  However, in the July 24, 2013 Order and Reasons, this Court stated that J & A's request was not properly before the Court but if it wanted to make this request, it could bring a separate Motion to Compel Arbitration of the claims of any and all other parties to this litigation.  Rec. Doc. 70.  J & A has not yet properly brought such a motion.  Now, 84 Lumber has moved to reopen the case related to non-arbitrable claims and defenses.  Rec. Doc. 72.

## II. LAW & ANALYSIS

In the July 24, 2013 Order and Reasons, this Court found that the Federal Arbitration Act ("FAA") is the relevant law in determining arbitrability in this case.  Rec. Doc. 70 at 5-6. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall

> on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such application.

9 U.S.C. § 3.  In addition, this Court may stay the entirety of the litigation pursuant to its inherent power to control its docket.  The Supreme Court has stated that "[i]n some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration.  That decision is one left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n. 23 (1983).  When "questions of fact common to all actions pending in the present matter are likely to be settled during the . . . arbitration," other courts have found it appropriate to stay the litigation as to the parties not bound by the arbitration agreement.  *American Home Assurance Co. v. Vecco Concrete Const. Co.,* 629 F.2d 961, 964 (4th Cir.1980).  There, the court explained that although "the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action." *Id.  See also Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbradtsen Co.* 339 F.2d 440, 441 (2d Cir. 1964) (explaining that the stay may be appropriate "where the proceeding is an arbitration in which issues involved in the case may be determined").

Here, arbitration proceedings between 84 Lumber and J & A will decide issues and facts common to both the arbitration and the litigation by 84 Lumber against Paschen and the Sureties. The initial dispute between 84 Lumber and Paschen and the Sureties involve the terms of the MSA between 84 Lumber and J & A.  Rec. Doc. 70 at 2.  In its suit against Paschen and the Sureties, 84 Lumber claims that despite performing its portion of the subcontracted work under the MSA for J

& A, it was not paid in full for work performed. *Id.*  Similarly, the terms of agreement in the MSA are the subject of the arbitration between 84 Lumber and J & A.  Due to interests of judicial economy and the prevention of inconsistent results and the fact that the order compelling arbitration was issued fairly recently, this Court has decided to exercise its inherent power to stay the proceedings at this time.

However, this Court recognizes that J & A has yet to initiate the arbitration against 84 Lumber and is sympathetic to 84 Lumber's desire to efficiently resolve the issues.  It is also concerned that much of J & A's "reasoning" lacks legal citation and is troubled by J & A's announcement that arbitration will proceed "at the time it sees fit."  Rec. Doc. 85.  In *Howard v. Volunteers of America*, the Fifth Circuit  noted that in a case where arbitration had been ordered by the district court sixteen months prior but arbitration proceedings had yet to be initiated, the aggrieved party's recourse would be "to return to the district court to request another order compelling arbitration within a certain period of time." 34 F. App'x 150  (5th Cir. 2002) (citing 9 U.S.C. § 4 (1999) ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such an agreement, would have jurisdiction. . . for an order directing that such arbitration proceed in the manner provided for in such agreement.")).[2]  84 Lumber is welcome to do so.

Accordingly,

IT IS ORDERED that the Motion to Reopen Case is DENIED.  Rec. Doc. 72.

---

[2] This Court notes that as an unpublished decision, pursuant to 5th Cir. R. 47.5.4, *Howard v. Volunteers of America* is not precedent.

New Orleans, Louisiana this   12th  day of November, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**