UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **84 LUMBER COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1748** |
| **F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC, et al.** | **SECTION: "C" (5)** |

### ORDER AND REASONS[1]

Before this Court is 84 Lumber Company's ("84 Lumber") Motion to Set Deadline to Initiate Arbitration. Rec. Doc. 87. J & A Construction ("J & A") opposes this motion. Rec. Doc. 88. Having examined the memoranda of counsel, the record, and the applicable law, the Motion to Set Deadline to Initiate Arbitration is GRANTED.

### I. BACKGROUND

In brief, this case arises out of a construction contract dispute initially between 84 Lumber, the sub-subcontractor, and Paschen, the general contractor of a school construction project, and the surety companies ("Sureties") backing the construction project. Rec. Doc. 70 at 1-2. 84 Lumber filed suit against Paschen and the Sureties, alleging that despite performing its portions of the subcontracted work for J & A under the Master Service Agreement ("MSA") between J & A and 84 Lumber, 84 Lumber was not paid in full for the work performed. *Id.* at 2. 84 Lumber also asserted claims demanding payment for extra work performed outside the MSA subcontract and for the supply of materials. *Id.* J & A, the subcontractor who was brought in as a third-party defendant by Paschen, filed a counterclaim against 84 Lumber. *Id.* Subsequently,

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

84 Lumber filed a motion to stay the proceedings and compel arbitration of J & A's claims based on the arbitration clause between 84 Lumber and J & A in the MSA. *Id.* On July 24, 2013 this Court granted 84 Lumber's motion to stay the proceedings and compel arbitration of the claims between J & A and 84 Lumber. Rec. Docs. 70, 71. After that, 84 Lumber moved to reopen the case related to the non-arbitrable claims and defenses, which the Court denied on November 12, 2013. Rec. Docs. 72, 86. Now 84 Lumber has moved to set a deadline for J&A to initiate arbitration. Rec. Doc. 87.

## II. LAW & ANALYSIS

In the November 12, 2013 Order and Reasons, this Court stated that a party may petition a United States district court for an order to compel arbitration within a specified period of time. Rec. Doc. 86. This Court looked at *Howard v. Volunteers of America* where the Fifth Circuit noted that in a case where arbitration had been ordered by the district court sixteen months prior but arbitration proceedings had yet to be initiated, the aggrieved party's recourse would be "to return to the district court to request another order compelling arbitration within a certain period of time." 34 F. App'x 150 (5th Cir. 2002) (citing 9 U.S.C. § 4 (1999) ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such an agreement, would have jurisdiction. . . for an order directing that such arbitration proceed in the manner provided for in such agreement."))._[2]_

J & A has acknowledged that the next step in this case is to initiate the arbitration. Rec.

---

[2] This Court notes that as an unpublished decision, pursuant to 5th Cir. R. 47.5.4, *Howard v. Volunteers of America* is not precedent.

Doc. 88.  It has been almost six months since this Court found that J & A's claims against 84 Lumber were subject to arbitration. While this is not as long as the delay in *Howard*, this Court still finds it necessary at this time to impose a deadline by which J & A must initiate arbitration. This is in part because of J & A's previous statements that arbitration will proceed "at the time it sees fit."  Rec. Doc. 85.  Consequently, this Court is imposing a deadline of May 30, 2014, which is ten months after this Court's initial order compelling arbitration.

Accordingly,

IT IS ORDERED that the Motion to Set Deadline to Initiate Arbitration is GRANTED. Rec. Doc. 87.  Arbitration must commence no later than May 30, 2014.

New Orleans, Louisiana this 25th  day of March, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**