UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

84 LUMBER COMPANY                              CIVIL ACTION

VERSUS                                        NO: 12-1748

F.H. PASCHEN, S.N. NIELSEN &                  SECTION: R
ASSOCIATES, LLC, *ET AL.*

## ORDER AND REASONS

Before the Court is a motion filed by 84 Lumber Company and Maggie's Management, LLC to lift the ongoing stay in this case and to dismiss J & A Construction Management Resources Company's claims against them for failure to prosecute.  For the following reasons, the Court grants the motion.

## I.     INTRODUCTION

This case arises out of two school construction projects in New Orleans, Louisiana.[1]  84 Lumber Company was a subcontractor to J & A Construction Management Resources Company, Inc.  J & A, in turn, was a subcontractor to the projects' general contractor, F.H. Paschen S.N. Nielsen & Associates, LLC

---

[1] Unless otherwise noted, the Court draws these facts from its July 24, 2013 order compelling arbitration.  R. Doc. 70.

("Paschen").  Continental Casualty Company, Safeco Insurance Company of America, and Fidelity and Deposit Company of Maryland were surety companies that backed the projects.

On July 5, 2012, 84 Lumber sued Paschen and the surety companies, alleging that it was not paid in full for work performed under its Master Service Agreement with J & A.  It also alleged that it was entitled to payment for materials and for additional work performed outside of the Master Service Agreement.  Paschen answered 84 Lumber's complaint and added J & A as a third-party defendant.  J & A filed an answer asserting a cross-claim against Paschen and counterclaims against 84 Lumber for breach of contract, interference with a contractual relationship, fraudulent misrepresentation, conversion, and unjust enrichment.  J & A also added Maggie's Management, LLC, an affiliate bonding agent of 84 Lumber, as a third-party defendant in the fraudulent misrepresentation, conversion, and unjust enrichment claims.  This case was allotted to Judge Helen Berrigan in Section C of this Court.

After J & A filed its answer, 84 Lumber and Maggie's Management each moved to stay proceedings and compel arbitration of J & A's claims against them under an arbitration provision in the Master Service Agreement.[2]  In its

_____

[2] R. Doc. 44.  Although Maggie's Management was not a party to the Master Service Agreement, it successfully argued that it was entitled to enforce the arbitration provision against J & A because J & A's claims against it rely on the terms of the Master

opposition memoranda, J & A argued that 84 Lumber fraudulently induced J & A to enter the Master Service Agreement and that the arbitration provision within that Agreement was therefore invalid.[3]   J & A also argued that the interests of fairness and judicial economy counseled against arbitration.[4]

On July 24, 2013, Judge Berrigan granted both motions.  Applying the Fifth Circuit's two-step test for compelling arbitration,[5] Judge Berrigan first found that the Master Service Agreement's arbitration provision was a binding agreement to arbitrate.  As to J & A's argument that fraud vitiated J & A's consent to this arrangement, Judge Berrigan found that because the alleged fraud related to the Master Agreement as a whole, as opposed to the agreement to arbitrate, arbitration was the appropriate forum for resolving J & A's claim.[6]  Turning to the second step, Judge Berrigan found no legal constraints external to the parties' arbitration agreement that foreclosed

---

Service Agreement and stem from allegations of interdependent and concerted misconduct by Maggie's Management and 84 Lumber.  R. Doc. 39-1 at 4.

[3] R. Doc. 62 at 5-8; R. Doc. 63 at 5.

[4] R. Doc. 62 at 8.

[5] As the Fifth Circuit holds, "a two-step inquiry governs whether parties should be compelled to arbitrate a dispute: First, the court must determine whether the parties agreed to arbitrate the dispute.  Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable."  *BancOne Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (internal citations omitted).

[6] R. Doc. 70 at 6-7.

arbitration.[7] Thus, Judge Berrigan stayed all proceedings pending arbitration of J & A's claims against 84 Lumber and Maggie's Management.[8]

On September 13, 2013, 84 Lumber moved to re-open the case with respect to all non-arbitrable claims.[9] 84 Lumber noted that J & A had not yet initiated arbitration proceedings and argued that continuing to stay the case pending arbitration would prejudice 84 Lumber by preventing it from litigating its claims against other parties. In opposition, J & A argued, among other things, that time was not of the essence and that J & A would proceed with arbitration "at the time it sees fit."[10] Judge Berrigan denied 84 Lumber's motion but noted that 84 Lumber was free to request an order compelling arbitration within a certain time period.[11]

Later, 84 Lumber moved the Court to set an arbitration deadline, which J & A opposed.[12] Judge Berrigan granted the motion and ordered J & A to initiate arbitration by May 30, 2014.[13] Three days before the deadline, J & A

---

[7] *Id.* at 8-9.

[8] *Id.* at 11.

[9] R. Doc. 72.

[10] R. Doc. 85 at 4.

[11] R. Doc. 86 at 4.

[12] R. Docs. 87, 88.

[13] R. Doc. 101.

moved for an extension.[14]  Judge Berrigan granted the motion and extended the deadline to July 24, 2014.[15]  Nonetheless, J & A failed to initiate arbitration within the designated time period.   According to J & A, the company submitted an arbitration demand to the American Arbitration Association ("AAA") on July 23, 2014, one day before the modified deadline.[16]  Rather than submitting the standard filing fee, J & A applied for a fee reduction or deferral from the AAA.[17]  The AAA denied the application and notified J & A that its arbitration demand was deficient.[18]  J & A failed to cure the deficiency by submitting a filing fee, and the AAA closed its arbitration file in October 2014.[19]  84 Lumber asserts that it is not aware of additional attempts by J & A to initiate arbitration,[20] and J & A has not described any such efforts.

On September 11, 2015, Judge Berrigan ordered J & A to show cause why it should not be held in contempt for failure to comply with the Court's

---

[14] R. Docs. 105.

[15] R. Doc. 111.

[16] R. Doc. 139-1 at 7.

[17] *Id.*; *see also* R. Doc. 139-7 at 1 (J & A's "American Arbitration Association Affidavit in Support of Reduction or Deferral of Filing and Administrative Fees").

[18] *Id.*

[19] *Id.*

[20] R. Doc. 134-1 at 3.

5

arbitration orders.[21]  Although J & A filed a response--arguing, among other things, that the arbitration agreement is "unreasonably favorable" to 84 Lumber and that arbitration is prohibitively expensive--it still has yet to initiate arbitration proceedings.[22]   Thus, nearly three years after Judge Berrigan's initial order, this case remains stayed and administratively closed.

On January 6, 2016, this case was reassigned to this Court for all further proceedings.[23]  84 Lumber and Maggie's Management now move the Court to re-open the case and to dismiss 84 Lumber's claims against them for failure to prosecute.[24]  J & A opposes the motion.


## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) empowers a district court to involuntarily dismiss an action, with prejudice, if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  Because "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," however, a

---

[21] R. Doc. 140.

[22] R. Doc. 141.

[23] R. Doc. 144.

[24] R. Doc. 134.

dismissal under Rule 41(b) should be granted only when: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. Cigna/RSI–Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985)).  In addition, to dismiss an action for failure to prosecute, the Fifth Circuit requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Berry*, 975 F.2d at 1191

## III.  DISCUSSION

The Court finds that there is a clear record of delay and contumacious conduct intentionally caused by J & A and that lesser sanctions would not prompt diligent prosecution.  J & A has had nearly three years to comply with Judge Berrigan's order requiring J & A to submit its claims against 84 Lumber and Maggie's Management to arbitration.  Despite J & A's defiant assertion

7

that it would proceed "at the time it sees fit,"[25] Judge Berrigan gave J & A numerous opportunities to file its arbitration demand.  When J & A informed the Court with just three days notice that it would be unable to initiate arbitration by the Court's May 30, 2014 deadline, Judge Berrigan extended the deadline by two months.  Even with the additional time, however, J & A's efforts proved inadequate.  Although J & A finally sent an arbitration demand to the AAA on July 24, 2014--a full year after the initial order compelling arbitration--J & A failed to pay the required filing fee or obtain a fee waiver or deferral under the applicable arbitral rules.  To date, J & A has neither cured this filing deficiency nor made any additional attempts to arbitrate its claims against 84 Lumber and Maggie's Management--this despite Judge Berrigan's September 2015 order requiring J & A to show cause why it should not be held in contempt for failure to comply with the Court's arbitration orders.

In addition, the Court finds that J & A's dilatory conduct has prejudiced other parties to this litigation.  As noted, this case arises out of two construction projects and involves a number of contractors and surety companies.  For nearly three years, 84 Lumber and all other parties have been precluded from litigating their claims and defenses because this case has been

---

[25] R. Doc. 85 at 4.

stayed pending arbitration procedings that J & A never initiated.  As time passes, memories fade, evidence becomes harder to locate, and the litigation process becomes more difficult for all parties involved.  *See Gonino v. UNICARE Life & Health Ins. Co.*, No. CIV.A. 302CV2501G, 2005 WL 608158, at *3 (N.D. Tex. Mar. 16, 2005) ("[E]ach passing day increases UNICARE's difficulty in mounting an adequate defense, as witnesses become more difficult to locate and those who can be located lack sufficient memory to provide meaningful testimony.").  Under these circumstances, dismissal with prejudice is an appropriate disposition of J & A's claims against 84 Lumber and Maggie's Management.  *See Renobato v. Compass Bank Corp.*, 480 F. App'x 764 (5th Cir. 2012) (affirming dismissal with prejudice when plaintiff did not initiate arbitration proceedings for three years, even after being given a second chance to do so by the district court); *also Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 447 (6th Cir. 2006) (dismissal was not abuse of discretion when plaintiff did not initiate arbitration for over two years, despite plaintiff's difficulty retaining counsel and obtaining documents from a third party); *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481, 483 (3d Cir. 2005) (affirming dismissal when plaintiff failed to initiate arbitration for several years and observing that "a stay of proceedings pending arbitration

9

contemplates continuing supervision by a court to ensure that arbitration proceedings are conducted within a reasonable amount of time").

J & A gives two arguments against this conclusion, both of which are untimely and procedurally improper attempts to relitigate issues that have already been decided.  First, J & A argues that the arbitration agreement is a contract of adhesion and is therefore unenforceable.  Second, J & A argues that it cannot be compelled to arbitrate because it is unable to afford the anticipated costs of arbitration.  Both arguments challenge Judge Berrigan's July 24, 2013 order finding that (1) the parties intended to arbitrate J & A's claims and (2) no federal statute or policy renders J & A's claims non-arbitrable.  *See BancOne Acceptance Corp. v. Hill*, 367 F. 3d 426, 429 (5th Cir. 2004 (describing the two-step test for determining whether a party should be compelled to arbitrate a dispute).  But J & A did not raise either argument in its original opposition to the motions to compel arbitration or in its opposition to 84 Lumber's motion to establish an arbitration deadline.  Moreover, in the nearly three years since Judge Berrigan ruled that the law requires J & A to submit its claims to arbitration, J & A has neither moved for reconsideration, nor asked the Court to certify its ruling for interlocutory appeal under 28 U.S.C. § 1292(b).

Further, the Court finds that J & A has not provided a convincing explanation for its failure to raise its present challenges in a timely manner and through an appropriate motion. Although J & A's written response to Judge Berrigan's show cause order describes disagreements between J & A and its former attorney of record, as well as J & A's difficulty securing arbitration counsel,[26] J & A has had representation at every stage of this litigation. That J & A nonetheless failed to raise the issues of adhesion and arbitration costs until it was presented with a show cause order and a motion to dismiss for failure to prosecute demonstrates that the Court should not re-open Judge Berrigan's arbitrability ruling at this late stage. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (finding that once the district court concluded that the law required arbitration, "it was incumbent upon [plaintiff] to abide by the district court's ruling"; "[h]er failure to pursue promptly the court's reconsideration, or this court's review on interlocutory appeal, shows that the district court did not clearly abuse its discretion in dismissing [plaintiff's] case with prejudice"). J & A's claims against 84 Lumber and Maggie's Management are therefore dismissed with prejudice.

---

[26] R. Doc. 141 at 1-11.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS 84 Lumber's and Maggie's Management's motion to re-open this case and to dismiss J & A's claims against them.  The Court ORDERS that J & A's claims against 84 Lumber and Maggie's Management are DISMISSED WITH PREJUDICE for failure to prosecute.  The Court further ORDERS that the stay imposed by the Court's July 24, 2013 order is hereby lifted.

The Court further ORDERS that a status conference will be held on **Thursday, June 9, 2016, at 2:00 p.m.** in the Chambers of United States District Judge Sarah S. Vance, 500 Poydras Street, C-25 in New Orleans, Louisiana.  Counsel for all parties are instructed to attend in person.

New Orleans, Louisiana, this ___5th___ day of May, 2016.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

12