UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| 84 LUMBER COMPANY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-1748 |
| F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC, ET AL. | SECTION "R" (5) |

# **ORDER AND REASONS**

J & A Construction Management Resources Co. appeals the Magistrate Judge's denial[1] of its motion for leave to file an amended third-party complaint.[2] Also before the Court are 84 Lumber's motion to strike J & A's motion to appeal,[3] and 84 Lumber's motion to strike a portion of J & A's answer to Paschen's third-party complaint.[4] For the following reasons, J & A's motion is denied, 84 Lumber's motion to strike a portion of J & A's answer is granted, and 84 Lumber's motion to strike J & A's motion to appeal is denied as moot.

---

[1] R. Doc. 253.
[2] R. Doc. 267.
[3] R. Doc. 268.
[4] R. Doc. 260.

## I. BACKGROUND

The facts and procedural history of this prolonged dispute have been recounted in previous orders from the Court.[5] For the purposes of this Order, it will suffice to recount that this dispute arises out of two school construction projects in New Orleans, Louisiana. Paschen was the general contractor on both projects. Paschen subcontracted a portion of each project to J & A, and J & A subcontracted its obligations to 84 Lumber.

On July 5, 2012, 84 Lumber sued Paschen, as well as the projects' sureties, alleging that it was not paid in full for the work it performed under its contract with J & A.[6] Paschen answered 84 Lumber's complaint and added J & A as a third-party defendant.[7] J & A also asserted a cross-claim against Paschen, counterclaims against 84 Lumber, and added Maggie's Management, LLC, as a third-party defendant.[8] The case was then stayed for nearly three years while the parties attempted to resolve (without success) their claims through arbitration.

During the period that the case was stayed, the Court ordered J & A to initiate the arbitration process multiple times, to no avail.[9] Finally, on May

---

[5] *See generally* R. Doc. 151; R. Doc. 206.
[6] R. Doc. 1.
[7] R. Doc. 25.
[8] R. Doc. 151 at 2.
[9] *Id.* at 4-5.

5, 2016, the Court lifted the stay, and dismissed J & A's claims against 84 Lumber's and Maggie's Management's with prejudice for failure to prosecute.[10] The Court based its ruling on a "clear record of delay and contumacious conduct intentionally caused by J & A," which prejudiced the other parties to this litigation.[11]

After the dismissal of J & A's claims against 84 Lumber and Maggie's Management, the other parties continued to pursue discovery and prepare for the case's upcoming trial date of February 21, 2017. J & A, however, did not participate in the Joint Discovery plan, nor did it provide Rule 26 disclosures or respond in any manner to requests for production.[12] On November 11, 2016, J & A's attorney withdrew as counsel,[13] and J & A was without an attorney until February 3, 2017, less than three weeks before trial.[14]

On February 13, 2017, the Court granted J & A's motion to continue.[15] In doing so, the Court issued a new scheduling order, with new deadlines for amendments to pleadings, third-party actions, crossclaims, and

---

[10] R. Doc. 151.
[11] *Id.* at 7-8.
[12] R. Doc. 156.
[13] R. Doc. 173.
[14] R. Doc. 205.
[15] R. Doc. 211.

counterclaims.[16] On April 11, J & A filed a motion for leave to file an amended third-party complaint.[17] In its motion, J & A sought to add a new claim for tortious interference against Paschen, and add new claims for breach of contract and for bad faith against Fidelity and Deposit of Maryland, one of the sureties.[18] 84 Lumber opposed J & A's motion.[19]

On April 26, 2017, after oral argument, Magistrate Judge North denied J & A's motion for leave.[20] In so ruling, Magistrate Judge North found that the record indicated "undue and unnecessary and unexplained delay in bringing" the claims that J & A sought to bring, and that the remaining parties would be "unduly prejudiced" if the amendment was allowed.[21] Magistrate Judge North also noted that J & A's claims were likely futile, but did not rule on that basis as the delay and prejudice were sufficient grounds

---

[16] R. Doc. 216.
[17] R. Doc. 245. The scheduling order's deadline for amendments was April 3, 2017, but as Magistrate Judge North noted in his order denying J & A's motion, J & A filed a deficient motion for leave on April 3. R. Doc. 262 at 21-22. Accordingly, Magistrate Judge North treated J & A's motion as timely and in accordance with the scheduling order. *Id.*
[18] R. Doc. 245-1 at 2.
[19] R. Doc. 250.
[20] R. Doc. 253.
[21] R. Doc. 262 at 27-28.

to deny J & A's motion.[22] Magistrate Judge North gave J & A 14 days to object or appeal his ruling.[23] This appeal followed.

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive civil motion may be appealed to the district court. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district judge must review the magistrate judge's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* Under this standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently." *Arvie v. Tanner*, No. 12-1638, 2012 WL 3597127, at *1 (E.D. La. Aug. 21, 2012) (internal quotations omitted). Instead, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[22] *Id.* at 28.
[23] *Id.*

## III. DISCUSSION

### A. Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint is freely given "when justice so requires." In exercising its discretion to grant or deny leave to amend, the Court considers whether the party seeking leave is doing so after undue delay, in bad faith, or for a dilatory motive. *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir.1985). The Court will also consider any undue prejudice to the opposing parties if leave is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, the court may deny a motion to amend if such an amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is considered futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* To determine whether an amendment is futile, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

The Magistrate Judge denied J & A's motion for leave to amend under Federal Rule of Civil Procedure 15 because of a record of delay by J & A, and because allowing the amendment would "unduly prejudice all of the parties

to the case and the prosecution of their claims and defenses."[24] This decision was neither clearly erroneous nor contrary to law. As to delay, the record in this case plainly demonstrates that J & A is primarily responsible for the protraction of this litigation. As mentioned above, J & A continually failed to initiate arbitration proceedings, despite multiple orders from the Court, and as a result this case was stayed for nearly three years.[25] The Court has already found that during this period there was a "clear record of delay and contumacious conduct intentionally caused by J & A."[26] Additionally, J & A had multiple opportunities to assert new claims, and could have sought leave to file its new claims against Paschen and Fidelity after the stay was lifted in May of 2016.[27] Instead, J & A did not seek leave to file until almost a year later. The Magistrate Judge's finding of undue delay was not clearly erroneous or contrary to law. *See, e.g.*, *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419-20 (5th Cir. 2010) (affirming denial of motion to amend because plaintiff could have brought claims earlier); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-65 (5th Cir. 2003) (same).

---

[24] R. Doc. 262 at 23-24, 27.
[25] R. Doc. 151.
[26] *Id.*
[27] *See* R. Doc. 154 (June 9, 2016 scheduling order setting July 11, 2016 deadline for amendments to pleadings, third-party actions, crossclaims and counterclaims).

The Magistrate Judge's findings on prejudice are also not clearly erroneous. As the Court has already stated, the other parties in this case were "precluded from litigating their claims and defenses because this case has been stayed pending arbitration proceedings that J & A never initiated."[28] What the Court said before remains true now: as time passes, memories fade, evidence becomes harder to locate, and the litigation process becomes more difficult for all parties involved.[29] *See Gonino v. UNICARE Life & Health Ins. Co.*, No. 02-2501, 2005 WL 608158, at *3 (N.D. Tex. Mar. 16, 2005).

To make matters worse, J & A refused to participate in discovery after the stay was lifted, and did not participate in the creation of the joint pretrial order.[30] All other parties were prepared to try this case on February 21, 2017, but the Court granted J & A's motion to continue, over objection from the other parties, so that J & A could have its day in court.[31] The trial is now set for January 29, 2018.[32] Because of J & A's conduct, the other parties must now incur more delay, and more costs associated with that delay, before they can resolve this case.

---

[28]  *Id.* at 8-9.
[29]  *Id.* at 9.
[30]  R. Doc. 156; R. Doc. 210.
[31]  R. Doc. 211.
[32]  R. Doc. 216.

This case is five years old, and the delays were caused by J & A. Expansion of this litigation now to add new claims, which could involve new parties or parties that have already have the claims against them dismissed, would prejudicially add costs and time to this already protracted litigation. Additionally, J & A cannot absolve itself for its past conduct by placing the blame on its previous counsel.[33] If securing new counsel could erase the prejudice and delay incurred by other parties, than Rule 15(a)'s consideration of delay and prejudice would be meaningless. *See Winstead v. Georgia Gulf Corp.*, 77 Fed. App'x 267, 270 (5th Cir. 2003) (affirming denial of motion to amend based on undue delay and rejecting plaintiff's argument that placed blame on previous attorney); *Rhodes v. Amarillo Hospital Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981) ("The retention of a new attorney . . . is itself no excuse for the late filing of an amended complaint."); *see also Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (rejecting argument that any prejudice to other party and delay was fault of previous attorney).

---

[33] *Id.* at 5. It is worth noting that contrary to J & A's assertion that its previous counsel is responsible for all of its improper past conduct, J & A's previous counsel La Koshia Roberts stated to the Court that J & A's owner refused to follow Ms. Roberts' advice. R. Doc. 172 at 1.

Accordingly, the Magistrate Judge's denial of J & A's motion for leave to amend was not clearly erroneous or contrary to law, and J & A's appeal is denied.[34] 84 Lumber's motion to strike J & A's appeal is denied as moot.

### B. Motion to Strike

84 Lumber moves to strike a portion of J & A's answer[35] to Paschen's amended complaint. Specifically, 84 Lumber moves to strike the sentence in J & A's prayer for relief that asks for a judgment against 84 Lumber and Maggie's Management. J & A's claims against 84 Lumber and Maggie's Management have already been dismissed with prejudice, and accordingly 84 Lumber's motion to strike the reference to 84 Lumber and Maggie's Management in J & A's prayer for relief is granted.

---

[34] Because the Magistrate Judge's decision was not clearly erroneous, the Court need not consider J & A's arguments on futility.
[35] R. Doc. 258.

## IV. CONCLUSION

For the foregoing reasons, J & A's motion to appeal the Magistrate Judge's decision is DENIED. 84 Lumber's motion to strike J & A's appeal is DENIED AS MOOT. 84 Lumber's motion to strike a portion of J & A's answer is GRANTED.

New Orleans, Louisiana, this __1st__ day of August, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE