UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 84 LUMBER COMPANY | CIVIL ACTION |
| VERSUS | NO. 12-1748 |
| F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Plaintiff 84 Lumber Company moves the Court to reconsider its May 16, 2017 Order[1] granting defendants' motion for partial summary judgment.[2] For the following reasons, 84 Lumber's motion is denied.

## I. BACKGROUND

The Court has already detailed the facts of this case in multiple orders, including the one that 84 Lumber asks the Court to reconsider.[3] For here, it will suffice to recount that this case arises out of two school construction projects in New Orleans, Louisiana. Both projects were subject to the provisions of the Louisiana Public Works Act (LPWA), La. Rev. Stat. § 38:2241, *et seq.* Defendant Paschen was the general contractor on both

---

[1] R. Doc. 263.
[2] R. Doc. 273.
[3] *See generally* R. Docs. 151, 206, 263.

projects, and subcontracted a portion of each project to J & A Construction Management Resources Company, Inc. (J & A).[4] J & A then subcontracted a portion of its obligations to 84 Lumber.[5]

According to 84 Lumber, in April 2011, Paschen and J & A stopped paying 84 Lumber for its work on the projects.[6] On June 8, 2012, 84 Lumber filed two sworn statements of claims, one for each project. 84 Lumber claimed $808,520.39 for the Osborne Project, and $1,042,080.09 for the South Plaquemines Project.[7] 84 Lumber reflected in two June 2012 letters mailed to the Plaquemines Parish School Board, and to the Louisiana Department of Education and the Sureties, respectively, that 84 Lumber had emailed Paschen's attorney Charles F. Seemann copies of the sworn statements.[8]

On July 5, 2012, 84 Lumber sued Paschen and the projects' Sureties, alleging that 84 Lumber was not paid in full for work performed under its Master Service Agreement with J & A.[9] 84 Lumber sued under the LPWA, seeking payment on its June 2012 Sworn Statements of Claims from both

---

[4] R. Doc. 263 at 1-2.
[5] *Id.*
[6] R. Doc. 1 at 3-4 ¶ 9.
[7] R. Doc. 214-32 at 4 (Osborne Project); R. Doc. 214-21 at 7 (South Plaquemines Project).
[8] R. Doc. 214-22 at 1; R. Doc. R. Doc. 213-32 at 1.
[9] R. Doc. 1.

2

Paschen and the Sureties.[10] The case was stayed for nearly three years while the parties attempted to pursue their claims through arbitration.[11] After the stay was lifted, defendants moved for partial summary judgment on 84 Lumber's LPWA claims.[12] On May 16, 2017, the Court granted defendants' motion because it found that 84 Lumber had failed to comply with the notice requirements of section 2247 of the LPWA.[13] In doing so, the Court rejected 84 Lumber's argument that all that is required under section 2247 is "actual notice."[14]

84 Lumber now moves the Court to reconsider its order under Federal Rule of Civil Procedure 59(e), arguing both that the Court committed manifest error and that failure to reconsider will result in manifest injustice.[15] Paschen and the Sureties filed a response in opposition,[16] and 84 Lumber replied.[17]

---

[10] *Id.* at 4-6 ¶¶ 13-14, 16, 18.
[11] For a history of the failed arbitration process, *see* R. Doc. 151 at 1-6.
[12] R. Doc. 220.
[13] R. Doc. 263 at 21-23. The Court also found that defendants were entitled summary judgment on 84 Lumber's unjust enrichment claim. *Id.* at 24.
[14] *Id.* at 16-22.
[15] R. Doc. 273-1 at 5-6.
[16] R. Doc. 275.
[17] R. Doc. 281.

## II. LEGAL STANDARD

A district court has considerable discretion to grant or deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Fields*, 1998 WL 43217 at *2; *see also Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) ("Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence.").

## III. DISCUSSION

84 Lumber does not base this motion on newly discovered or previously unavailable evidence, nor does it argue that reconsideration is justified by an intervening change in the controlling law. Instead, it argues that the Court "based its ruling" on a manifest error of fact because it found that there was no evidence in the record establishing that Paschen's then-counsel Charles Seemann received 84 Lumber's emailed copies of its sworn statements, or that he brought the statements to Paschen.[18] Additionally, 84 Lumber argues that failure to reconsider will result in manifest injustice. The Court addresses each argument in turn.

### A. The Court Did Not Base its Ruling on a Manifest Error of Fact

84 Lumber asserts that the Court made a manifest error of fact when it distinguished cases relied on by 84 Lumber because in those cases there was "undisputed evidence that the defendant-contractor had *received* the notice containing the statutorily-required information sent from the plaintiffs."[19]

---

[18] R. Doc. 273-1 at 5. Alternatively, 84 Lumber asks the Court to order defendants to submit evidence establishing that it did not receive the emails, so that 84 Lumber can respond with its own evidence. *Id.* at 4.

[19] R. Doc. 263 at 21 (citations omitted) (emphasis in original).

According to 84 Lumber, Paschen conceded receipt of the notice,[20] when it wrote in its memorandum in support of its motion: "the only 'notice' Paschen received . . . were copies of the new Sworn Statements sent to the Projects' respective owners on June 19, 2012 . . . , and June 20, 2012."[21] This one sentence—taken out of context of Paschen's legal argument—is not *evidence* that Paschen received the notice, but even if it were, it does not show that the Court based its ruling on a manifest error of fact.

First, the finding that there was no *evidence* of receipt was not an "obvious mistake or departure from the truth." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citation omitted). Paschen's use of the word "received" in its legal brief is not competent summary judgment evidence, and the Court is well within its discretion not to treat this statement as a binding judicial admission. *See, e.g.*, *Pool Co. v. Cooper*, 274 F.3d 173, 185 (5th Cir. 2001) ("Nor is [defendant's] admission, made in passing in the one short paragraph he devotes to this issue, on par with the 'overwhelming, consistent totality of the [ ] circumstances' in which we have previously held a judicial admission binding.") (quoting *Stallard v. United States*, 12 F.3d 489, 496 (5th Cir. 1994)); *see also Williams v. State*, No. 14-154, 2016 WL

---

[20] R. Doc. 273-1 at 2.
[21] R. Doc. 220-1 at 13.

754629, at *2 (M.D. La. Feb. 24, 2016) ("[T]he Court declines to exercise its vast discretion to treat statements in *memoranda* as binding judicial admissions of fact.") (citation omitted) (emphasis in original). Because Paschen's statement in its legal brief was not a binding admission, the Court's finding was not a departure from the truth.

More significantly, the Court did not base its ruling on this lack of evidence, but instead on the undisputed evidence that the communications sent from 84 Lumber did not satisfy the clear language of section 2247. Section 2247 requires written notice "stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed," and the notice "shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contactor at any place he maintains an office in the state of Louisiana." La. Rev. Stat. § 38:2247. It remains undisputed that emails to Paschen's counsel are not a mailing by registered or certified mail addressed to the contractor at the contractor's office. The Court based its ruling on 84 Lumber's failure to comply with these requirements, not on the lack of evidence indicating

Paschen's receipt.[22] Accordingly, the Court did not base its ruling on a manifest error of fact.

### B. The Court's Order Will Not Result in Manifest Injustice

Next, 84 Lumber argues that granting summary judgment in favor of defendants "based solely on a technical issue" is "not what the Public Works Act intends" and will result in manifest injustice. But 84 Lumber's argument here is simply a regurgitation of the "actual notice" argument that the Court has already rejected. *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments.") (citation omitted). Despite 84 Lumber's protestations to the contrary, the Louisiana caselaw does not support its position that "actual notice" is sufficient, no matter the extent of noncompliance with the plain terms of section 2247.

At best, the cases relied on by 84 Lumber establish that notice mailed by regular rather than certified mail will not defeat one's LPWA claim, *Bob McGaughey Lumber Sales, Inc. v. Lemoine Co., Inc.*, 590 So. 2d 664, 667 (La. App. 3 Cir. 1991), and nor will improperly designating a claimant as a

---

[22] Because this lack of evidence was not the basis for the Court's ruling, the Court will not require the parties to submit evidence on this issue.

corporation rather than a sole proprietorship. *Cole's Const. Co., Inc. v. Knotts*, 619 So.2d 876, 878 (La. App. 3 Cir. 1993). Here, the noncompliance was more extensive; 84 Lumber not only sent its purported notice by email rather than certified mail (despite sending earlier communications via certified mail), but also sent it to the wrong recipient.[23] As stated in the Court's order, the Louisiana Supreme Court has repeatedly instructed that the LPWA should be "strictly construed." *See, e.g.*, *Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 657 So. 2d 1307, 1313 (La. 1995). If the Court were to find that 84 Lumber's failure to comply with section 2247 was merely "technical" and therefore not fatal to its claim, the Court would be ignoring the Louisiana Supreme Court's instruction. In doing so, the Court would also be rewriting section 2247. That is a bridge too far. *See Rhynes v. Branick Mfg. Corp.*, 629 F.2d 409, 410 (5th Cir. 1980) (stating that federal courts, sitting in diversity and applying state law, should avoid "substantive innovation" in state law); *see also Cimino v. Raymark Industries, Inc.*, 151 F.3d 297, 313-14 (5th Cir. 1998) (collecting cases).

Thus, 84 Lumber has failed to show that the Court's order will result in manifest injustice.

---

[23] Additionally, as the Court's previous order pointed out, 84 Lumber's communications also appeared to not state with substantial accuracy the amount 84 Lumber was claiming. R. Doc. 263 at 22 n.50.

## IV. CONCLUSION

For the foregoing reasons, 84 Lumber's motion for reconsideration is DENIED.

New Orleans, Louisiana, this __8th__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE