UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| 84 LUMBER COMPANY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-1748 |
| F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC, ET AL. | SECTION "R" (5) |

# ORDER AND REASONS

Defendant and Third-Party Plaintiff F.H. Paschen, S.N. Nielsen & Associates, LLC ("Paschen") moves for judgment on the pleadings on J & A Construction Management Resources Company Inc.'s ("J & A") counterclaim against Paschen.[1] For the following reasons, the Court grants Paschen's motion.

## I. BACKGROUND

This case arises out of two school construction projects in New Orleans, Louisiana, the Mildred Osborne Project and the South Plaquemines Project.[2] Paschen was the general contractor on both projects. Paschen subcontracted part of the work on the projects to J & A, and J & A subcontracted portions

---

[1] R. Doc. 269.
[2] R. Doc. 70. For a more extensive review of the facts underlying this dispute, *see generally* R. Docs. 151, 206, and 263.

of its obligations to 84 Lumber Company.³ The projects were backed by Continental Casualty Company, Safeco Insurance Company of America, and Fidelity and Deposit Company of Maryland as sureties.

On July 5, 2012, 84 Lumber sued Paschen and the surety companies, alleging that it was not paid in full for work performed under its Master Service Agreement with J & A.⁴ It also alleged that it was entitled to payment for materials and for additional work performed outside of the Master Service Agreement. Paschen answered 84 Lumber's complaint and added J & A as a third-party defendant.⁵ J & A filed an answer asserting counterclaims against Paschen and 84 Lumber.⁶

The case was stayed for nearly three years while the parties attempted to resolve their claims through arbitration.⁷ On January 13, 2016, this case was reassigned from Judge Berrigan's chambers to this Court for all further proceedings.⁸ On May 5, 2016, the Court granted 84 Lumber's motion to lift the stay in this case.⁹

---

3 R. Doc. 206 at 1-2.
4 R. Doc. 1.
5 R. Doc. 25.
6 R. Doc. 39.
7 For a history of the failed arbitration process, *see* R. Doc. 151 at 1-6.
8 R. Doc. 144.
9 R. Doc. 151. The Court also dismissed J & A's claims against 84 Lumber and Maggie's Management, LLC, for failure to prosecute. *Id.*

With the case reopened, Paschen now moves for judgment on the pleadings on J & A's breach of contract counterclaim.[10] J & A has not filed a response.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 312 F.3d 899, 904 (5th Cir. 2002). It is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

---

[10] R. Doc. 269; R. Doc. 39 at 15-16.

3

228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Paschen moves for judgment on the pleadings to dismiss J & A's breach of contract counterclaim.[11] All of the breach of contract allegations against Paschen are located in paragraphs 67 through 71 under the breach of contract claim heading.[12]

---

[11] R. Doc. 269.
[12] *See* R. Doc. 39 at 15-16. The counterclaim does not incorporate any previous or subsequent allegations made in J & A's Answer.

Under Louisiana law, a plaintiff must prove three essential elements to prevail on a claim for breach of contract: (1) the parties consented to be bound through offer and acceptance; (2) the obligor failed to perform a conventional obligation (the breach); and (3) the failure to perform resulted in damages to the obligee. La. Civ. Code arts. 1927, 1994; *see also Hendrickson v. Meeks Disposal Co.*, No. 08-2744, 2008 WL 4657268, at *3 (E.D. La. Oct. 20, 2008); *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011).

Here, J & A alleges that "Paschen agreed to furnish to J&A payment of the Subcontract Price under the [Subcontract 3104-08 and 3106-008] agreements."[13] J & A further alleges that it was not paid by Paschen "for the work it was hired to perform."[14] But J & A does not allege that it actually performed the work. In fact, the crux of J & A's allegations is that J & A could not perform the work because 84 Lumber's actions made "it impossible for J & A to perform in accordance with [its contracts with Paschen]."[15] J & A points to no specific provision obligating Paschen to guarantee 84 Lumber's performance under *84 Lumber's* contract with J & A. Further, J & A does

---

[13] *Id.* at 15. J & A references Subcontract 3104-08; however, this subcontract is referred to as 3104-008 or 3401-008 in the record. *See* R. Doc. 214-26 at 1, 54.
[14] R. Doc. 39 at 16.
[15] *Id.* at 15 ¶¶ 67-68.

5

not even generally allege that Paschen was responsible for 84 Lumber's behavior, nor do its pleadings support an inference of Paschen's responsibility. That Paschen may have been in communication with 84 Lumber generally, or that Paschen may have told J & A that 84 Lumber's behavior would change does not contractually obligate Paschen to remedy the situation.[16] Accordingly, J & A's allegations that Paschen is somehow liable for 84 Lumber's actions, and that 84 Lumber's actions somehow form the basis of *Paschen*'s breach of its contract with J & A, do not raise a right to relief beyond a speculative level.

Additionally, to state a claim for breach of contract, "a plaintiff must allege a breach of a specific provision of the contract." *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 738 (E.D. La. 2011) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2003)); *see also Smoothie King Franchises, Inc. v. Southside Smoothie & Nutrition Ctr., Inc.*, No. 11-2002, 2012 WL 1698365, at *9 (E.D. La. May 15, 2012) (rejecting breach of contract affirmative defense because defendants did not "allege a breach of a *specific provision* of the contract"). J & A refers to "Subcontract[s] 3104-08 [sic] and 3106-008" in its allegations, but did not attach either document. The only documents attached to J & A's Answer are

---

[16] *Id.* at 16 ¶¶ 69-70.

agreements between J & A and 84 Lumber, not between J & A and Paschen. And while Subcontracts 3104-008 and 3106-008 between J & A and Paschen are in the record, J & A's failure to identify a specific provision of the contract breached renders its claim legally insufficient.[17] *Bean v. Am. Gen. Life Ins. Co.*, No. 17-57, 2017 WL 2831692, at *2-3 (E.D. La. June 30, 2017) (granting motion to dismiss on breach of contract claim in part because of failure to identify specific provision of contract allegedly breached).

Because J & A does not specifically identify the contractual provision that Paschen allegedly breached, Paschen must speculate as to which obligation it failed to perform. The subcontracts at issue are both over fifty pages in length and contain a multitude of obligations. Further, J & A's lack of specificity means Paschen cannot know if its challenged behavior was in accordance with the contract. As Paschen points out, per provisions in Section 24 of the subcontracts, it is contractually entitled to withhold payments to J & A under certain situations.[18] For example, if J & A defaults

---

[17] The Fifth Circuit has held that a court may properly consider documents attached to a motion to dismiss if the documents are referred to in the complaint and central to the plaintiff's claim. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The subcontracts at issue are both referred to in and central to J & A's counterclaim.

[18] *See* R. Doc. 214-26 at 14; R. Doc. 214-9 at 14-15.

or fails to perform its work, Paschen may withhold the cost of furnishing labor and materials necessary for J & A's work.[19] As mentioned above, J & A does not allege that it performed the work which would trigger Paschen's obligation to pay. Thus, J & A fails to state a claim for breach of contract, and dismissal of the counterclaim is warranted. *See Blackstone*, 802 F. Supp. 2d at 738 (granting motion to dismiss breach of contract claim because plaintiff failed to identify specific provision that was breached); *Twombly*, 550 U.S. at 555.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Paschen's motion for judgment on the pleadings. J & A's breach of contract counterclaim is DISMISSED.

New Orleans, Louisiana, this __8th__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19] R. Doc. 214-26 at 14; R. Doc. 214-9 at 14-15.