UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 84 LUMBER COMPANY | CIVIL ACTION |
| VERSUS | NO. 12-1748 |
| F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Plaintiff 84 Lumber Company moves for entry of final judgment as to the Court's May 16, 2017 and September 14, 2017 orders.[1] For the following reasons, the Court denies the motions.

### I. BACKGROUND

This case arises out of two school construction projects in Louisiana.[2] Defendant F.H. Paschen, S.N. Nielsen & Associates, LLC (Paschen) entered into contracts to build an elementary school at the Mildred Osborne School in New Orleans (Osborne Project) and a high school in South Plaquemines Parish (South Plaquemines Project).[3] Paschen also entered into a contract

---

[1] R. Docs. 295, 298.
[2] R. Doc. 28 at 2-3 ¶ 5.
[3] *Id.* at 3 ¶ 5.

with the Plaquemines Parish School Board to build.[4] On both projects, Paschen was the general contractor.[5] Both projects were subject to the provisions of the Louisiana Public Works Act (LPWA), La. R.S. § 38:2241, *et seq.*, and therefore each project required the general contractors to post payment bonds before construction could begin.[6] Defendants Continental Casualty Company, Safeco Insurance Company of America, and Fidelity & Deposit Company of Maryland (collectively, the Sureties) issued the required bonds.[7]

Paschen subcontracted a portion of both projects to J & A Construction Management Resources Company, Inc. (J & A).[8] J & A in turn subcontracted a portion of its work on both projects to 84 Lumber.[9] 84 Lumber alleges that Paschen and J & A have failed to compensate it for its work on the projects.[10] 84 Lumber filed several statements of claim under the LPWA: one in November 2011 for $3,507.16 in materials supplied on the Osborne Project, and two in June 2012 for $1,850,600.48 in work performed on the Osborne

---

[4]  *Id.*
[5]  *Id.* at 2 ¶ 5.
[6]  *Id.* at 3 ¶ 6.
[7]  *Id.*
[8]  *Id.* at 3 ¶ 7.
[9]  *Id.* at 3 ¶ 9.
[10] *Id.* at 3-4 ¶ 9.

and South Plaquemines Projects.[11] Paschen and Continental later posted release bonds for these statements of claim.[12]

On July 5, 2012, 84 Lumber sued Paschen and the Sureties, alleging that 84 Lumber was not paid in full for work performed on the Osborne and South Plaquemines Projects.[13] 84 Lumber sued under the LPWA, seeking payment on its June 2012 statements of claim from both Paschen and the Sureties.[14] 84 Lumber also brought a claim of unjust enrichment.[15] On February 5, 2013, 84 Lumber amended its complaint to add a breach of contract claim and to seek payment for materials provided and extra work performed on the projects.[16] 84 Lumber again amended its complaint on April 17, 2017, seeking recovery from the release bonds.[17]

The Court granted summary judgment dismissing 84 Lumber's initial LPWA claims because the June 2012 statements of claim lacked proper notice under Louisiana Revised Statutes § 38:2242(B).[18] The Court also granted summary judgment on and dismissed 84 Lumber's unjust

---

[11] *See* R. Doc. 296 at 2-3.
[12] R. Doc. 249 at 1-2 ¶¶ 1-3.
[13] R. Doc. 1.
[14] *Id.* at 4-5 ¶¶ 13-14, 16.
[15] *Id.* at 6 ¶ 18.
[16] R. Doc. 28 at 4 ¶ 10, 6 ¶ 20.
[17] R. Doc. 249.
[18] R. Doc. 263 at 23.

enrichment claim.[19]  Later, the Court granted judgment on the pleadings and dismissed 84 Lumber's release bond claim.[20]  84 Lumber now moves for final judgment as to these dismissed claims.

## II. DISCUSSION

Federal Rule of Civil Procedure permits the Court to enter final judgment as to some, but not all, claims if "there is no just reason for delay." Fed. R. Civ. P. 54(b).  "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).  Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.*

One factor the district court should consider is whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  The Court has dismissed all of 84 Lumber's

---

[19] *Id.* at 24.
[20] R. Doc. 296.

4

Louisiana Public Works Act (LPWA) claims except for its $3,507.16 claim for materials. The dismissed claims involve legal questions related to proper notice under the LPWA, while the materials claim does not. Thus, the appellate court would not have to decide the same issues more than once if there were subsequent appeals.

Nonetheless, after weighing the appropriate factors, the Court finds that certification is inappropriate in this case. 84 Lumber has not shown that it would be prejudiced by a delay in entry of final judgment. A bench trial is set for January 29, 2018.[21] A delay of a few months, while inconvenient to 84 Lumber, does not indicate that this is the sort of "infrequent harsh case" that Rule 54(b) was designed to address. *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984) (quoting Fed. R. Civ. P. 54 advisory committee's note to 1946 amendment). Thus, the hardship or injustice 84 Lumber would suffer by the delay of a few months in entering final judgment do not outweigh the costs of piecemeal review.

---

21  R. Doc. 216.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES 84 Lumber's motions for entry of final judgment.

New Orleans, Louisiana, this __14th__ day of November, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE